# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| EUGENE SCALIA,<br>Secretary of Labor, United States<br>Department of Labor, | )<br>)<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )<br>) |
| SAGEBRUSH OF KENTUCKY, LLC, | )<br>) |
| Respondent. | ) |

## PETITION FOR ENFORCEMENT OF
## ADMINISTRATIVE SUBPOENA DUCES TECUM

The Secretary of Labor, U.S. Department of Labor, petitions the Court for an order compelling the Respondent, Sagebrush of Kentucky, LLC, to produce the documents set forth in the administrative subpoena issued by the Secretary on October 10, 2019. In support of this Petition, the Secretary states the following:

## JURISDICTION

1. This Petition is brought to compel the Respondent to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Administrator, Wage and Hour Division, Region IV (hereinafter "WHD"), of the United States Department of Labor (hereinafter "the Subpoena") in an investigation conducted pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "the Act" or the "FLSA").

2. This Court has jurisdiction over the Petition pursuant to Section 9 of the Act, 29 U.S.C. § 209, and 28 U.S.C. §§ 1331, 1345.

## VENUE

3. The Respondent operates the Sagebrush Steakhouse, a restaurant in Bell County, Kentucky, which is located at 910 N. 12th Street, Middlesboro, Kentucky 40965. Respondent is an employer within the meaning of the FLSA. *See* Declaration of Investigator Brandon Kramer (hereinafter "WHI Kramer") at ¶ 2.

4. Venue lies in the United States District Court for the Eastern District of Kentucky pursuant to Section 9 of the Act, 29 U.S.C. § 209, and 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE INVESTIGATION AND THE SUBPOENA

5. In April of 2019, the WHD's Louisville District Office opened an investigation to determine Respondent's coverage under the Act and compliance with the provisions of the Act. Alisia Sullivan, a wage and hour investigator who has since left the Department's employ, was initially assigned the case. WHI Kramer took over the investigation after Ms. Sullivan left the Department. *See* Kramer Declaration at ¶ 2.

6. In the course of his investigation, WHI Kramer determined that it was necessary to review certain records maintained by the Respondent. *Id*. at ¶ 3.

7. On August 30, 2019, WHI Kramer e-mailed the Respondent a letter requesting certain records, including payroll records and time records (i.e., records showing the number of hours that employees worked). *Id*. at ¶ 3. The requested records however were not provided.

8. On September 16, 2019, WHI Kramer e-mailed another letter to the Respondent. *Id*. at ¶ 4. This letter detailed the Wage and Hour Division's authority to conduct the pending investigation and, again, requested that the Respondent produce the records. *Id*. The Respondent failed to respond to this letter as well. *Id*.

9. On October 10, 2019, Juan Coria, the WHD's Regional Administrator for the Southeastern Region, issued a Subpoena to Respondent pursuant to authority granted to the WHD by Sections 9 and 11 of the Act, 29 U.S.C. §§ 209 and 211. *Id*. at ¶ 5. Then on October 16, 2019, WHI Kramer personally served the Subpoena on the Respondent at the restaurant in Bell County, Kentucky. *Id*. at ¶ 5. The Subpoena required the Respondent to produce certain documents to the WHD by October 21, 2019 at 1:00 p.m. *Id*.

### RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

10. The Respondent failed respond to the Subpoena and produce the documents that were requested. The conduct of Respondent constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful investigation by the Secretary of Labor. To date, the Respondent has failed to provide the requested documents to the WHD. *Id*. at ¶ 6.

11. In an effort to resolve this matter without Court intervention, the undersigned communicated with the Respondent's attorney regarding the Subpoena. The undersigned believed that he had reached an agreement with the Respondent (through the attorney) that the requested documents would be produced by November 21, 2019. However, this date passed and no documents were produced. The Respondent's attorney has since been unresponsive to both telephone calls and correspondence.

### PRAYER FOR RELIEF

For these reasons, the Secretary requests that the Court:

12. Issue an order requiring the Respondent to show cause why it should not be required to produce the documents identified in the Subpoena; and

13. In the event that sufficient cause is not shown, issue an order directing Respondent to produce the documents listed and described in the Subpoena.

A proposed order to show cause is attached. A memorandum of law is also being submitted in conjunction with this petition.

Respectfully submitted,

KATE O'SCANNLAIN
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615.781.5330
Fax No.: 615.781.5321
*shepherd.matt@dol.gov*
*nash.fedcourt@dol.gov*

TREMELLE HOWARD
Acting Regional Solicitor

THERESA BALL
Associate Regional Solicitor

/s/ Matt S. Shepherd
MATT S. SHEPHERD

U. S. Department of Labor
Attorneys for the Petitioner